# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

RAYMOND ROGER SURRATT, JR.,
    Petitioner-Appellant,

v.                                                                Docket No. 14-6851

UNITED STATES OF AMERICA,
    Respondent-Appellee.

## APPELLANT'S UNOPPOSED MOTION TO EXPEDITE BRIEFING AND ORAL ARGUMENT

Appellant Raymond Roger Surratt, under Local Rule 12(c), hereby moves the Court to expedite briefing in this case, adopt the parties' proposed briefing schedule, and calendar this case for oral argument during the Court's December 2014 argument session.

In support of his motion, Surratt shows the Court the following:

1.    Surratt's case presents the question whether a petitioner whose mandatory-minimum life sentence is erroneous under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), is eligible for relief under 28 U.S.C. § 2241 when his first motion to vacate filed under 28 U.S.C. § 2255 was denied before *Simmons* was decided. In addition to Surratt, the fate of many other similarly-situated defendants—approximately 30 in the

Western District of North Carolina alone—rests on the resolution of this issue. Surratt, as well as approximately 11 other petitioners, likely would be eligible for a time-served sentence if relief were granted.

2.  Surratt pleaded guilty plea to a single count of conspiring to possess with intent to distribute more than 50 grams of crack. The government filed a notice under 18 U.S.C. § 851 alleging that Surratt had three previous convictions for felony drug offenses under 21 U.S.C. § 841, and the district court sentenced Surratt to mandatory life imprisonment on October 31, 2005, based on the then-valid precedent of *United States v. Jones*, 195 F.3d 205 (4th Cir. 1999), and *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). Under *Simmons*, Surratt has a single qualifying predicate, and if he were resentenced today under the Fair Sentencing Act, he would face a mandatory-minimum sentence of only 10 years' imprisonment.

3.  Surratt filed a first Motion to Vacate under 28 U.S.C. § 2255 on April 22, 2008, alleging ineffective assistance of counsel. The district court denied Surratt's motion on February 25, 2011, before this Court decided *Simmons*.

4.  On August 15, 2012, Surratt filed a Motion to Vacate under 28 U.S.C. § 2255; Alternative Petition for Relief under 28 U.S.C. § 2241; and

Alternative Petition for a Writ of *Coram Nobis*. He also filed a motion in this Court under 28 U.S.C. § 2244 requesting permission to file a successive § 2255 motion. The Court denied that motion on September 13, 2012.

5.  On February 6, 2014, the government filed a response agreeing that, because Surratt was erroneously sentenced based on an improperly applied mandatory minimum, he is entitled to sentencing relief under the savings clause of 28 U.S.C. § 2255(e) and under 28 U.S.C. § 2241.

6.  On May 16, 2014, the district court denied Surratt's § 2255 motion as successive. The court also denied his § 2241 petition on the grounds that Surratt could not demonstrate that *Simmons* rendered the conduct of which he was convicted non-criminal under *In re Jones*, 226 F.3d 328 (4th Cir. 2000).

7.  Expediting this case is necessary because, if Surratt and the government are correct and he is entitled to sentencing relief, he may serve more than his Guidelines sentence before this Court has an opportunity to decide the case under a normal briefing and oral argument schedule. And in addition to Surratt, at least 11 other, similarly situated petitioners are already serving sentences beyond what they likely would receive if relief were allowed. Furthermore, expediting this case will be helpful to this Court and

the district court in speeding resolution of other *Simmons* cases that raise similar issues.

8.   Undersigned counsel has consulted with Amy Ray of the United States Attorney's Office and is authorized to inform the Court that the United States consents to the granting of this Motion and to the following proposed briefing deadlines:

Opening Brief: July 25, 2014

*Amicus* in Support of Petitioner: August 1, 2014

Government Response Brief: August 22, 2014

*Amicus* in Support of the District Court, if any: September 22, 2014

Reply Briefs: October 15, 2014

WHEREFORE, Appellant respectfully prays that the Court expedite briefing in this case, adopt the parties' proposed briefing schedule, and schedule the case for oral argument during the December 2014 argument session.

THIS, the 18th day of June, 2014.

        Ross Hall Richardson,
        Acting Executive Director
        Federal Defenders of
            Western North Carolina, Inc.

        /s/Ann L. Hester_____
        Ann L. Hester
        Assistant Federal Defender
        129 W. Trade Street, Suite 300
        Charlotte, NC  28202
        (704) 374-0720

        /s/Joshua B. Carpenter___
        Joshua B. Carpenter
        Appellate Attorney
        1 Page Avenue, Suite 210
        Asheville, NC 28801
        (828) 232-9992

        *Counsel for Appellant*

## **CERTIFICATE OF SERVICE**

Undersigned counsel certifies that the foregoing Motion was served on opposing counsel by ECF filing.

This, the 18th day of June, 2014.

/s/ Ann L. Hester_____
Ann L. Hester
Federal Defenders of
Western North Carolina, Inc.
129 W. Trade Street, Suite 300
Charlotte, NC  28202
(704) 374-0720

/s/Joshua B. Carpenter\_\_\_
Joshua B. Carpenter
Appellate Counsel
1 Page Avenue, Suite 210
Asheville, NC 28801

*Counsel for Appellant*