No. 14-6851

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

_____

UNITED STATES OF AMERICA

*Plaintiff-Appellee,*

v.

RAYMOND ROGER SURRATT, JR.

*Defendant-Appellant.*

_____

STEVEN HARRIS GOLDBLATT

*Court-Assigned Amicus Counsel*

_____

On Appeal from the United States District Court
for the Western District of North Carolina, Charlotte Division

_____

## BRIEF FOR THE NATIONAL ASSOCIATION OF CRIMINAL DEFENSE LAWYERS AS *AMICUS CURIAE* IN SUPPORT OF REHEARING EN BANC

_____

Jeffrey T. Green
Erika L. Maley
Patrick O'Leary
Sidley Austin LLP
1501 K Street N.W.
Washington, DC 20005
(202) 736-8291
jgreen@sidley.com

*Counsel for Amicus Curiae*

October 30, 2015

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... ii

INTEREST OF *AMICUS CURIAE* ...........................................................1

SUMMARY OF ARGUMENT ...................................................................1

ARGUMENT .............................................................................................2

  I. THE OPPORTUNITY TO PETITION FOR PRESIDENTIAL CLEMENCY IS NO SUBSTITUTE FOR JUDICIAL REVIEW ....................2

  II. THE MAJORITY'S INTERPRETATION OF THE DUE PROCESS CLAUSE, SUSPENSION CLAUSE, AND SEPARATION OF POWERS CONFLICTS WITH THIS COURT'S PRECEDENT AND DECISIONS OF OTHER CIRCUITS .....................................................4

    1. Due Process ...................................................................................5

    2. Suspension Clause .........................................................................6

    3. Separation of Powers .....................................................................7

CONCLUSION ..........................................................................................8

i

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Alleyne v. United States*,
   133 S.Ct. 2151 (2013)..........................................................................7

*Boumediene v. Bush*,
   553 U.S. 723 (2008)..........................................................................6

*Chitwood v. Dowd*,
   889 F.2d 781 (8th Cir. 1989) .............................................................5

*In re Davenport*,
   147 F.3d 605 (7th Cir. 1998) ..........................................................6, 7

*In re Dorsainvil*,
   119 F.3d 245 (3d Cir. 1997) ...........................................................6, 7

*In re Hanserd*,
   123 F.3d 922 (6th Cir. 1997) ..............................................................3

*Hicks v. Oklahoma*,
   447 U.S. 343 (1980)..........................................................................5

*Hoffa v. Saxbe*,
   378 F. Supp. 1221 (D.D.C. 1974).......................................................3

*Johnson v. Rosemeyer*,
   117 F.3d 104 (3d Cir. 1997) ...............................................................5

*In re Jones*,
   226 F.3d 328 (4th Cir. 2000) ..............................................................1

*Prater v. Maggio*,
   686 F.2d 346 (5th Cir. 1982) ..............................................................5

*Triestman v. United States*,
   124 F.3d 361 (2d Cir. 1997) ...............................................................6

*United States v. Harp*,
   406 F.3d 242 (4th Cir. 2005) ..............................................................2

*United States v. Wilson*,
    32 U.S. 150 (1833)...........................................................................................3

*Whalen v. United States*,
    445 U.S. 684 (1980)........................................................................................7

*Williams v. Warden*,
    713 F.3d 1332 (11th Cir. 2013) ......................................................................7

**Other Authorities**

Press Release, U.S. Dep't of Justice, *Announcing New Clemency
    Initiative, Deputy Attorney General James M. Cole Details Broad
    New Criteria for Applicants* (Apr. 23, 2014),
    http://www.justice.gov/ opa/pr/announcing-new-clemency-
    initiative-deputy-attorney-general-james-m-cole-details-broad-new...................4

U.S. Dep't of Justice, Clemency Statistics (last updated Oct. 2, 2015),
    http://www.justice.gov/pardon/clemency-statistics.............................................3

U.S. Dep't of Justice, *United States Attorneys' Manual* § 1-2.113
    (1997), http://www.justice.gov/usam/usam-1-2000-organization-
    and-functions#1-2.113 .........................................................................................3

## INTEREST OF *AMICUS CURIAE*

*Amicus* National Association of Criminal Defense Lawyers ("NACDL") is a nonprofit voluntary professional bar association that works on behalf of criminal defense attorneys to ensure justice and due process for those accused of a crime or misconduct. NACDL is dedicated to advancing the proper, efficient, and fair administration of justice and files numerous *amici* briefs each year in this Court and other courts, seeking to provide *amicus* assistance in cases of broad importance to criminal defendants, criminal defense lawyers, and the criminal justice system.[1]

## SUMMARY OF ARGUMENT

As Mr. Surratt's petition explains, the majority's analysis of 28 U.S.C. § 2255(e) conflicts with the decisions of several other circuits, as well as this Circuit's prior decision in *In re Jones*, 226 F.3d 328 (4th Cir. 2000), and leaves this Court's jurisprudence hopelessly confused. In addition to these reasons set forth in Mr. Surratt's petition, rehearing en banc is also warranted on two other grounds. First, the majority suggested that denying Mr. Surratt any judicial avenue of relief from his erroneous sentence of life imprisonment would not create a fundamental miscarriage of justice because Surratt could seek executive clemency. But

---

[1] The parties to this case have consented to the filing of this amicus brief. No party's counsel authored this brief in whole or in part, and no party or its counsel made a monetary contribution intended to fund the preparation or submission of this brief. No person other than *amicus* or their counsel contributed money that was intended to fund preparation or submission of the brief.

executive clemency, which is left solely to the President's unfettered discretion, is no substitute for this Court's duty of judicial review, particularly given that Mr. Surratt's erroneous sentence resulted from this Court's own erroneous holding in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005). Second, en banc review is warranted because the panel majority's constitutional avoidance analysis, including that of the Due Process Clause, Suspension Clause, and separation of powers issues raised by its construction of § 2255(e), is deeply flawed and conflicts with the decisions of this Court, the Supreme Court, and other circuits.

## ARGUMENT

## I.     THE OPPORTUNITY TO PETITION FOR PRESIDENTIAL CLEMENCY IS NO SUBSTITUTE FOR JUDICIAL REVIEW.

The panel majority suggested that there was no need to be concerned with the injustice of Mr. Surratt's "sympathetic case" because Surratt could "seek[] a commutation from the President," noting that "the President has shown a recent willingness to grant frequent commutations in other drugs cases." Slip Op. at 65-66. But the remote possibility that Mr. Surratt could receive clemency from the President does not relieve the Court of its obligation to redress the grave wrong for which it is ultimately responsible. Mr. Surratt was sentenced to die in prison based on this Court's holding in *United States v. Harp*, a holding this Court has since overruled and recognized as a mistake. 406 F.3d 242, *overruled by United States v. Simmons*, 649 F.3d 237, 241 (4th Cir. 2011) (en banc). The consequence of that

2

mistake is that Mr. Surratt has been erroneously subjected to a complete deprivation of his liberty: a sentence of life imprisonment without parole.

As explained below, this fundamental miscarriage of justice requires adequate redress under our constitutional system. The Presidential clemency process does not provide such redress. Rather, as the dissent states, § 2255(e) must do the job, "if the Great Writ, which has always been a 'bulwark against convictions that violate 'fundamental fairness'' is to mean anything at all." Slip Op. at 68–69 (quoting *Engle v. Isaac*, 456 U.S. 107, 126 (1982)).

By contrast, "[a] pardon is an act of grace," not a matter of right. *United States v. Wilson*, 32 U.S. 150, 160 (1833); *see In re Hanserd*, 123 F.3d 922, 932 (6th Cir. 1997). "[T]he President may exercise his discretion under the Reprieves and Pardons Clause for whatever reason he deems appropriate and it is not for the courts to inquire into the rationale of his decision." *Hoffa v. Saxbe*, 378 F. Supp. 1221, 1225 (D.D.C. 1974). Moreover, "commutation of [a] sentence is an extraordinary remedy that is rarely granted." U.S. Dep't of Justice, *United States Attorneys' Manual* § 1-2.113 (1997), http://www.justice.gov/usam/usam-1-2000-organization-and-functions#1-2.113. To date, President Obama has granted only 89 commutation petitions, a tiny number compared to the more than two hundred thousand Americans incarcerated in the federal system. U.S. Dep't of Justice, *Clemency Statistics* (last updated Oct. 2, 2015), http://www.justice.gov/pardon

/clemency-statistics.

And while the Department of Justice has announced a new initiative encouraging some federal prisoners to petition for commutation, the initiative applies only to prisoners meeting certain narrow criteria; among other things, they must be "low-level offenders" with no "significant criminal history."  Press Release, U.S. Dep't of Justice, *Announcing New Clemency Initiative, Deputy Attorney General James M. Cole Details Broad New Criteria for Applicants* (Apr. 23, 2014), http://www.justice.gov/ opa/pr/announcing-new-clemency-initiative-deputy-attorney-general-james-m-cole-details-broad-new.  Thus, while Mr. Surratt's sentence of life without parole is concededly erroneous and deeply unjust, it is impossible to say whether he would be granted clemency under this initiative.

The clemency process is a discretionary act of individual mercy, providing no right to relief and not designed to correct legal errors.  It is no substitute for this Court's review under the habeas statute.

II.    **THE MAJORITY'S INTERPRETATION OF THE DUE PROCESS CLAUSE, SUSPENSION CLAUSE, AND SEPARATION OF POWERS CONFLICTS WITH THIS COURT'S PRECEDENT AND DECISIONS OF OTHER CIRCUITS.**

En banc review is also warranted because the majority's analysis of the grave constitutional issues presented by this case is inconsistent with Supreme Court decisions, this Court's precedents, and the decisions of other circuits.

1. *Due Process*.  First, the majority concludes that this case presents no due process concerns under *Hicks v. Oklahoma*, 447 U.S. 343 (1980), holding that *Hicks* does "not . . . apply in cases, like this one, that do not implicate the jury right."  Slip Op. at 58.  This holding conflicts with the decisions of at least three other circuits; the Third, Fifth, and Eighth Circuits have all held that "[t]he rule of [*Hicks*] is not . . . limited to imposition of sentences by juries" but extends equally to cases, like this one, where "the judge–not the jury–was vested with statutory discretion in sentencing."  *Prater v. Maggio*, 686 F.2d 346, 350 n.8 (5th Cir. 1982); *see Johnson v. Rosemeyer*, 117 F.3d 104, 112 (3d Cir. 1997) ("[I]n *Hicks* the jury was the sentencing authority and thus was in the same position as a judge who sentenced a defendant to a mandatory term of imprisonment without recognizing that the law did not require the imposition of that term. We think that a judicial error of that kind would violate a defendant's due process protections . . .");  *Chitwood v. Dowd*, 889 F.2d 781, 786 (8th Cir. 1989) (similar).

The majority further held that there is no due process concern here because "*Hicks* concerned an error identified on direct review," Slip Op. at 59, and to apply *Hicks* to collateral review "implies a right to collateral review and relief that we do not believe exists."  Slip Op. at 60.  But under this reasoning, the denial of collateral review could *never* raise due process issues.  This approach is inconsistent with *In re Jones*, which, as the majority recognized, interpreted 28

U.S.C. § 2255(e) to allow certain claims on collateral review when "no other avenue of judicial review [is] available," in part to avoid "thorny constitutional issue[s]." Slip Op. at 27, quoting *In re Dorsainvil*, 119 F.3d 245, 248 (3d Cir. 1997). It is similarly inconsistent with the decisions of several other circuits, which have held that the denial of collateral review for a fundamental miscarriage of justice when no other avenue of review is available presents grave due process concerns. *Dorsainvil*, 119 F.3d at 248; *Triestman v. United States*, 124 F.3d 361, 378 (2d Cir. 1997) ("serious . . . due process questions would arise with respect to the AEDPA if we were to conclude that, by amending § 2255, Congress had denied Triestman the right to collateral review in this case."); *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (similar).

2. *Suspension Clause*. The majority's holding that its extremely restrictive interpretation of § 2255(e) presents no Suspension Clause concern because "substitution of a collateral remedy which is neither inadequate nor ineffective . . . does not constitute a suspension" likewise conflicts with the holdings of the Supreme Court and multiple other circuits. Slip Op. at 54-55, *quoting Swain v. Pressley*, 430 U.S. 372, 381 (1977). The Supreme Court "placed explicit reliance upon" § 2255(e) "in upholding [§ 2255] against constitutional challenges." *Boumediene v. Bush*, 553 U.S. 723, 776 (2008). Accordingly, several circuits have held that adopting an overly narrow interpretation of § 2255(e) presents serious

"constitutional questions under the Suspension Clause." *Williams v. Warden*, 713 F.3d 1332, 1343 (11th Cir. 2013); *see Davenport*, 147 F.3d at 609-10; *Dorsainvil*, 119 F.3d at 249-50.

3. *Separation of Powers*. Finally, the majority's holding that there can be no "separation-of-powers problem in connection with a sentence levied within the applicable statutory range," Slip Op. at 61, is inconsistent with the Supreme Court's reasoning in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). *Alleyne* reversed the Court's prior distinction between mandatory minimum and mandatory maximum sentences in the *Apprendi* context, on the ground that "triggering a mandatory minimum alters the prescribed range of sentences," and "the legally prescribed range *is* the penalty affixed to the crime." *Id.* at 2153. For the same reasons, a mandatory minimum error infringes upon Congress' "power to define criminal offenses and to prescribe the punishments to be imposed," just as a mandatory maximum error does. *Whalen v. United States*, 445 U.S. 684, 689 (1980). As *Alleyne* points out, this "comports with the obvious truth that the floor of a mandatory range is as relevant to wrongdoers as the ceiling." 133 S.Ct. at 2161. Indeed, mandatory minimum errors can have a far more severe impact. Here, the mandatory minimum error raised Mr. Surratt's sentence from 20 years to life imprisonment without parole. *See* Pet. at 1. The district court explicitly stated

that he considered this sentence "unjust," and would not have imposed it but for the erroneous understanding that it was required by statute.  J.A. 276.

En banc review is needed to correct these serious errors on important questions of constitutional law, to maintain the uniformity of decisions, and to provide guidance to the lower courts.

**CONCLUSION**

For the foregoing reasons and those stated in the petition, *en banc* review should be granted.

Respectfully submitted,
/s/ Jeffrey T. Green
_____

Jeffrey T. Green
Erika L. Maley
Patrick O'Leary
Sidley Austin LLP
1501 K Street N.W.
Washington, DC 20005
(202) 736-8291
jgreen@sidley.com

October 30, 2015

**Certificate of Compliance**

1. Pursuant to Fed. R. App. P. 29(d), this brief is 7.5 pages, which is half the length allowed the parties under Fed. R. App. P. 35(b).

2. This brief has been prepared using Microsoft Office Word 2007, Times New Roman font, 14-point proportional type size.

I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so requests, I will provide an electronic version of the brief and/or a copy of the word or line print-out.

October 30, 2015
Date

s/ Jeffrey T. Green
Jeffrey T. Green
Sidley Austin LLP
1501 K Street N.W.
Washington, DC 20005
jgreen@sidley.com

**Certificate of Service**

I hereby certify that on October 30, 2015, I electronically filed the foregoing brief with the Clerk of the Court using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Amy Elizabeth Ray
Assistant U. S. Attorney
Office of the United States Attorney
Room 233
United States Courthouse
100 Otis Street
Asheville, NC 28801
amy.ray@usdoj.gov

Joshua B. Carpenter
Federal Defenders of Western North Carolina, Inc.
Suite 210
1 Page Avenue
Asheville, NC 28801
joshua_carpenter@fd.org

Steven H. Goldblatt
Georgetown University Law Center
111 F Street N.W.
Washington, DC 20001
goldblat@law.georgetown.edu

<u>s/ Jeffrey T. Green</u>
Jeffrey T. Green
Sidley Austin LLP
1501 K Street N.W.
Washington, DC 20005
jgreen@sidley.com